UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LAWRENCE BRADLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY MILLER, et al.,<br><br>  Defendants. | No. 2:17-cv-1834-MCE-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

On October 27, 2017, the court granted plaintiff's motion to proceed *in forma pauperis* and dismissed plaintiff's first amended complaint with leave to amend.[1] (ECF No. 6.) Thereafter, on November 6, 2017, plaintiff filed a second amended complaint, which remains pending for screening in accordance with 28 U.S.C. § 1915. (ECF No. 7.) For the reasons discussed below, the court recommends that plaintiff's second amended complaint be DISMISSED without further leave to amend.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21). Plaintiff filed his original complaint on September 5, 2017, and a first amended complaint on October 11, 2017. (ECF Nos. 1, 4.) In the interest of judicial economy, and because plaintiff clearly intended to amend his complaint, the court construed the first amended complaint as the operative complaint for purposes of the initial screening.

1

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). However, the court is not required to grant leave to amend when it would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

In the court's October 27, 2017 order dismissing the first amended complaint with leave to amend, the court outlined the foregoing pleading standards and observed that the first amended complaint was:

> vague and confusing, consisting of various forms with scribbled notations. As best the court can tell, plaintiff is attempting to sue several defendants that were in some way affiliated with plaintiff's prior state court criminal case. However, beyond conclusory assertions, plaintiff does not specify how each defendant was involved, does not allege what specific claims are asserted against each defendant, and does not plead any factual allegations from which the court can draw a reasonable inference that the defendants are liable under any specific claims.

(ECF No. 6 at 3.) Nevertheless, in light of plaintiff's *pro se* status, the court concluded that it was appropriate to provide plaintiff, having been notified of the pleading standards and the deficiencies of the first amended complaint, with an opportunity to amend his complaint.

As noted above, plaintiff subsequently filed a second amended complaint. (ECF No. 7.) The second amended complaint, which consists of 75 pages, does not cure the deficiencies identified by the court, and again consists of vague and conclusory allegations of fraud, perjury, discrimination, and other misconduct by various individuals, including judges, prosecutors, and police officers, that were purportedly involved in plaintiff's prior state court criminal case. Plaintiff again does not specify how each defendant was involved, does not allege what specific claims are asserted against each defendant, and does not plead any factual allegations from which the court can draw a reasonable inference that the defendants are liable under any specific claims. As such, the second amended complaint is subject to dismissal.

The court has carefully considered whether further leave to amend should be granted. Plaintiff has already been notified of the legal standards applicable to pleading viable claims and been granted leave to amend to correct the deficiencies identified by the court. However, despite receiving clear notice of the deficiencies of his claims, plaintiff has failed to take even minimal steps to cure them. Therefore, and because the nature of plaintiff's claims also suggests that they are implausible and frivolous, the court finds that granting further leave to amend would be futile. See Cahill, 80 F.3d at 339.

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed without further leave to amend.
2. The action be dismissed with prejudice.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of those findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to further motions or other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: November 8, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE